THÉRÈSE HALPHEN, Tutrix *v.* ALCIDE FUSELIER, Administrator.

An unauthorized admission, made by an attorney in fact, will not bind his principal.

THE plaintiff is appellant from a judgment of the Court of Pro-
bates of Pointe Coupée, *E. Cooley*, J.

MORPHY, J. From the petition, in which the facts of this case
are expressly admitted to have been correctly stated, it appears

that the petitioners, Jules and Gabriel Fuselier, are two of the heirs of the late widow Constance Ternaut, who died in the parish of Pointe Coupée, in November, 1837. That the proceeds of the sale of her estate amounted to $378,304 90, of which sum the petitioners were each entitled to one-twentieth part, to wit, $18,915, in payment of which they received certain notes and claims by an act of partition which took place among the heirs on the 22d of September, 1838. That at the probate sale of the estate of the widow Ternaut, Edouard Fuselier, one of the co-heirs, became the purchaser of a plantation for the sum of $34,000, payable in three equal instalments, falling due in the month of March, of the years 1839, 1840 and 1841, for which he was to have given notes satisfactorily endorsed, and secured by mortgage on the property, bearing ten per cent interest per annum from maturity, if not punctually paid. These notes were never executed by the purchaser according to the terms of the sale; but it appears from the act of partition among the heirs, that he purchased at the sale, property to the amount of $50,558 87; that of this sum he paid $18,915 in his own hereditary share, and that the balance of $31,643 87, was assigned and transferred to Fergus Fuselier, another co-heir, and to the then minors Jules and Gabriel Fuselier, to whom Edouard Fuselier agreed to pay it as follows, to wit: to Fergus Fuselier $1,673 39¾ in all March, 1839; $1,554 38 in all March, 1840; and a like sum in all March, 1841; and to each of the minors, Jules and Gabriel Fuselier, $4,336 02½ in all March, 1839; $4,547 37 in all March, 1840; and a like sum in all March, 1841; no part of which sums was ever paid by the said Edouard Fuselier, in his life-time. Fergus Fuselier having died on the 8th of October, 1839, Edouard Fuselier, in an act executed before the parish judge, on the 21st of February, 1840, declared, that although the plantation had been adjudicated to him alone, the purchase had in reality been made for the joint account of himself and the said Fergus Fuselier, and that he accordingly transferred and made over one undivided half of said plantation to P. P. Briant, the administrator of Fergus Fuselier's estate, on condition that the estate should pay $17,000, this being one half the price, to the heirs of the late widow Ternaut, on the terms and conditions of the adjudication made to himself. This transfer was shortly after

accepted by the administrator, who had this undivided half of the plantation sold by the Court of Probates, as belonging to the estate of Fergus Fuselier. It was adjudicated to one Ruffin G. Sterling, for $14,100, in payment of which the purchaser gave three notes of $4,700 each, payable in the months of March, of the years 1841, 1842, and 1843. It is admitted that the estate of Fergus Fuselier, who, in his life-time was the tutor of the plaintiffs, is insolvent, and will not even pay their rightful claims against him as tutor, and that therefore no part of the loss arising from the resale of the property can be got out of it.

The present suit is brought to recover of the succession of Edouard Fuselier, who has since died, the difference between the $17,000 which he, or the estate of Fergus Fuselier, was to have paid for the undivided half of the plantation, and the $14,100 for which the same was sold to Sterling, together with the stipulated interest since the former sum became due; the plaintiffs offering to consider the notes of Sterling as standing in the place of a corresponding portion of the debt of Edouard Fuselier, assigned and transferred to them by the act of partition.

Under these undisputed facts, the right of the petitioners to recover, is not, in our opinion, doubtful. Whatever verbal agreements may have been privately entered into between Fergus Fuselier and Edouard Fuselier, of which even there is no evidence, the adjudication constituted the latter a debtor of the estate of the widow Ternaut, for the whole price of the plantation. Of this he seems to have been fully aware, for in the act of partition we find him charging himself with the whole amount of the purchase, and assuming to pay it to Fergus Fuselier and the present plaintiffs. It is true that the preamble of this act recites, that although Edouard Fuselier had purchased this plantation in his own name, he was jointly interested in this purchase with Alcide Fuselier, and Fergus Fuselier; but this statement is immediately followed by the declaration that these joint purchasers will settle this matter among themselves, thus clearly showing that, as regarded the other heirs, Edouard Fuselier was to be considered as the sole purchaser, and that he accordingly undertook to make the payments above mentioned, to the plaintiffs. It is obvious that he could not relieve himself, from this liability, by transferring one half of the plantation to the

estate of Fergus Fuselier, even had there been written evidence of an agreement between them, for the heirs were not bound to look beyond the adjudication which was made to him alone. But even Fergus Fuselier's estate if solvent, would not have been bound by the statements contained in the act of partition in relation to his interest in the purchase, for this act was signed by A. Robin, under a power of attorney from Fergus Fuselier, which did not authorize any such admission, and the administrator of his estate was without authority to accept such a sale. The judge below took a correct view of the rights of the plaintiffs, but he has fallen into an error of fact which materially changes the amount to which they are entitled. Of the $31,643 87, which remained after deducting the hereditary portion of Edouard Fuselier from the whole amount of his purchases at the sale of Ternaut's succession, he endeavored to relieve himself of $17,000, by throwing it upon the estate of Fergus Fuselier. The balance of $14,643 87, he never had given any notes for; and the petition, which, by consent entered on the record, is to be considered and taken as a statement of facts, alleges expressly that he paid no part of it in his life-time. The court nevertheless say in their judgment, that Edouard Fuselier had paid this sum of $14,643 87, and that in the absence of any proof to the contrary, this payment should be imputed to the sums that were due to Fergus Fuselier, as well as to the claims of the plaintiffs. After correcting this error, and making the necessary calculation by adding the stipulated interest of ten per cent per annum to the original price of $17,000, and deducting from the aggregate amounts the notes of Sterling as they fall due, we find that the plaintiffs are justly entitled to a claim of $7069 96, against the estate of the late Edouard Fuselier.

It is therefore ordered that the judgment of the Court of Probates be reversed, and that there be judgment in favor of plaintiffs against the estate of the late Edouard Fuselier, for the sum of seven thousand and sixty nine dollars and ninety six cents, to be paid in due course of administration, with costs in both courts.

*Janin*, for the appellant. No counsel appeared for the defendant.